IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-cv-00240

| | |
|---|---|
| LYNN M. VINCENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LUCENT TECHNOLOGIES, INC., and ) | |
| LUCENT RETIREMENT INCOME PLAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees pursuant to 29 U.S.C. § 1132(g)(1) [D.I. 46, 47], Defendants' Response in opposition [D.I. 48], and on the supplemental briefing of both parties [D.I. 63-65].

## I. REASONABLE ATTORNEYS' FEES

### A. Exercise of Discretion

Pursuant to 29 U.S.C. § 1132(g)(1), the Court, in its discretion, may allow reasonable attorneys' fees and costs of an action to either party. 29 U.S.C. § 1132(g)(1). The Fourth Circuit Court of Appeals interpreted this language as authorizing an award of attorney's fees so long as a party achieves "some degree of success on the merits." *Williams v. Metro Life Ins. Co.*, 609 F.3d 622, 634 (4th Cir. 2010) (*quoting Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158 (2010)). A fees claimant satisfies this requirement if "the court can fairly call the outcome of the litigation some success on the merits without conducting a "lengthy inquir[y] into the question of whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Hardt*, 130 S.Ct. 2149 at 2158 (*quoting Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688,

n.9 (1983)). Here, the Court awarded Plaintiff the substantive relief she sought, finding her eligible for continuing participation in the Service Based Pension Program ("SBP") and ordering her reinstatement into the SBP. *Vincent v. Lucent Technologies Inc.,* 733 F. Supp. 2d 729, 738-739 (W.D.N.C. 2010). Thus, Plaintiff met the requirement of achieving "some degree of success on the merits" necessary for the Court to consider Plaintiff's request for attorneys' fees.

In determining whether to exercise its discretion to award attorney's fees in an ERISA action, the Court is guided by five factors:

(1) degree of opposing parties' culpability or bad faith;

(2) ability of opposing parties to satisfy an award of attorneys' fees;

(3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

(5) the relative merits of the parties' positions.

*Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1029 (4th Cir. 1993). "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address[.]" *Id.* In deciding whether to exercise its discretion under the statute, a court "must... bear in mind the remedial purposes of ERISA to protect employee rights and to secure effective access to federal courts." *Id.* Therefore, "a prevailing individual beneficiary 'should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust'." *Id* (*citing Reinking v. Philadelphia Am. Life Ins. Co.*, 910 F.2d at 1210 at 1218 (4th Cir. 1990)).

**(1) Degree of opposing parties' bad faith or culpability**

This Court found that "[t]he Committee repeatedly ignored the plain language of its own plan, inadequately considered the [Lucent Retirement Income Plan ("LRIP")] by ignoring Section 6.6, inconsistently applied Section 4.1(a)(ii)(1), engaged in a poorly reasoned decision making process, and operated under a conflict of interest." *Vincent*, 733 F. Supp. 2d. at 738. Defendants argue that this Court determined that the Plan administrator neglected to identify a basis to award relief and that negligence does not invoke the first *Quesinberry* factor. However, this Court did not find that the Plan administrator was negligent. Rather, this Court actually found that the record was "devoid of any evidence of a single honest mistake." *Vincent*, 733 F. Supp. 2d at 737. "Culpability connotes wrongful conduct that is not intentional or deliberate and can be found where a plan's decision is discernibly against the weight of the evidence." *Marks Constr. Co., Inc. v. The Huntington Nat'l Bank*, 2010 WL 3418329 (N.D.W.Va. Aug. 27, 2010) (*quoting Cross v. Fleet Reserve Ass'n Pension Plan*, 2010 WL 610870 *3 (D.Md. Feb. 16, 2010). Therefore, the Court finds that the first *Quesinberry* factor weighs in favor of an award of attorneys' fees.

**(2) Ability of opposing party to satisfy an award of fees**

Defendant Lucent Technologies, Inc. ("Lucent"), a highly ranked Fortune 500 company, is a wholly-owned subsidiary of Alcatel USA, Inc.. *See* Complaint ¶ 5; Answer ¶ 5; Defs. Resp., p. 1 [D.I. 38]. Defendant Lucent Retirement Income Plan ("LRIP") is an adequately funded "employee pension benefit plan" maintained by Lucent. *See* Complaint ¶¶ 6-7; Answer ¶¶ 6-7; Defs. Mem. In Supp. of Pl.' Mot. for Summ. J., p. 3-6 [D.I. 34]; Defs. Resp., p.5 [D.I. 38]; Defs Resps to Pl First Set of Interrogs, No. 17 ("The pension plan assets allocated to Lucent at the time of the spin-off have exceeded the minimum funding obligations associated with the

obligations of the Plan to date."). Given Lucent's existence as a large corporation and the adequate funding of the LRIP, and without assertion or evidence by Defendants that either entity could not afford to pay an award of attorneys' fees, the Court finds that Defendants would have the ability to satisfy an award of attorneys' fees in this case. Consequently, this factor weighs in favor of an award of attorneys' fees.

**(3) Deterrence of future similar conduct**

Plaintiff argues that deterrence weighs in favor of awarding attorneys' fees because the Plan Administrator ignored plan language, inadequately considered the plan, inconsistently applied plan provisions, and engaged in a poorly reasoned decision making process, all while operating under a conflict of interest. [D.I. 47, p. 9]. In response, Defendants argue that administrators of a pension plan act in their fiduciary capacity to preserve and protect the assets of the trust for all participants and thus, those administrators should not be deterred into overgranting participation in a plan by the threat of asset-depleting attorneys' fees awards. [D.I. 64, p. 7]. Defendants, however, fail to recognize that a plan administrator also should, for example, follow the plain language of its plan. The Court agrees with Plaintiff's assertions, and finds that this factor weighs in favor of awarding attorneys' fees in this case.

**(4) Benefit all/Significant legal question**

Plaintiff argues that the fourth factor weighs in favor of awarding fees because Plaintiffs case did raise and resolve several significant legal questions. [D.I. 47, p. 9]. Defendants argue that Plaintiff's suit was solely for her own benefit and that the Fourth Circuit treated the case as an unpublished, summary deposition without oral argument, indicating that no important question arose. *See* Fed. R. App. P. 34(a)(2); 4th Cir. Loc. R. 34(a), 36(a), 36(b). While this case may have an effect beyond Plaintiff and the instant dispute, the Court finds this to be a case

largely of a personal nature rather than one in which Plaintiff "sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself." *Quesinberry*, 987 F.2d at 1029. Therefore, the Court finds that this factor weighs against awarding Plaintiff attorneys' fees in this case.

### (5) Relative merits of the parties' positions

In ordering Plaintiff's reentry into the SBP, this Court found that the Committee abused its discretion in denying Plaintiff's claim. *Vincent*, 733 F. Supp. 2d at 738. Defendants argue that the Plaintiff failed to place the decisive issue front and center, thus producing the need for this litigation and an unnecessary expansion of its complexity. *See Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir. 2003) (refusing to award fees where litigation in federal court could have been avoided by greater diligence on the part of the plaintff). The Court appreciates Defendants' position, but this litigation was not needed solely because of a failure of the Plaintiff. Plaintiff's claim was denied in total four times by the Administrator and Committee, and not once did the Administrator or the Committee cite to or address Section 6.6 of the LRIP upon denying Plaintiff's claim. *Vincent*, 733 F. Supp. 2d at 737-738. The merits of Plaintiff's position clearly outweighed those of Defendants, and the Court finds that this factor weighs in favor of awarding attorneys' fees to Plaintiff.

Having considered each of the five factors, the Court finds that factors one, two, three, and five weigh in favor of an award of attorneys' fees, while factor four does not. After balancing these factors, the Court finds that an award of attorneys' fees is appropriate in this case, and will exercise its discretion under 29 U.S.C. § 1132(g)(1).

### B. Appropriate Amount of Attorneys' Fees

Next, the Court must determine the appropriate amount of such fees. "In calculating an award of attorney's fees, a court must first determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243 (4th Cir. 2009) (*citing Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). In making this determination, the Court is guided by the twelve "*Johnson* factors." *See O'Bryhim v. Reliance Standard Life Ins. Co.*, 997 F. Supp. 728, 733-36 (E.D. Va. 1998), *aff'd*, 188 F.3d 502; *see also Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). These factors are:

(1) time and labor expended;

(2) novelty and difficulty of question raised;

(3) the skill required to properly perform the legal services rendered;

(4) the attorneys' opportunity costs in pressing the litigation;

(5) the customary fee for like work;

(6) attorneys' expectation at the outset of the litigation;

(7) time limitations imposed by client or the circumstances of the case;

(8) amount in controversy and the results obtained;

(9) the experience, reputation and ability of the attorneys;

(10) the undesirability of the case within the legal profession;

(11) nature and length of the professional relationship between the attorney and client; and

(12) attorneys' fees awarded in similar cases.

*O'Bryhim*, *supra*, at 734 n.2 (*citing Rum Creek*, 31 F.3d at 175); *Mitchell v. Fortis Benefits Ins. Co.*, 163 Fed. Appx. 183, 194 (4th Cir. 2005). The Fourth Circuit mandated that district courts make specific findings on each of these twelve factors. *See Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 234 n.8 (4th Cir. 1993).

Defendants' argue that this Court should be troubled by Plaintiff's fee application because it does not subtract fees "spent on unsuccessful claims unrelated to successful ones." *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002). In support of this position, Defendants claim that Plaintiff only prevailed on a distinct issue, bearing no relation to the theories argued by Plaintiff or pled in her complaint, identified by the Court. Thus, Defendants argue that the overwhelming amount of Plaintiff's fee application should be denied, or that the application should be denied in total, because it involved work not expended in pursuit of Plaintiff's successful claim. *Fair Housing Council of Greater Washington v. Lanlow*, 999 F.2d 92 (4th Cir. 1993).

The Court rejects Defendants' argument. Plaintiff brought this case under ERISA and prevailed under ERISA. Plaintiff's Complaint does not represent the sort of shotgun pleading that necessitated Plaintiff's counsel to needlessly grind out hours in pursuit of an ultimately successful unrelated claim. If anything, Defendants could have prevented this entire litigation by correctly implementing the plain language of the LRIP.

**(1) Time and labor expended**

The Court's first consideration is the time and labor expended by Plaintiff's counsel. ERISA also authorizes recovery of fees incurred on appeal. *Denzler v. Questech, Inc.,* 80 F.3d 97, 104 (4th Cir. 1996) (*citing Barker v. American Mobil Power Corp.*, 64 F.3d 1397, 1404 (9th Cir. 1995); *Brewer v. Protexall, Inc.*, 50 F.3d 453, 459 (7th Cir. 1995); *Nachwalter v. Christie*,

805 F.2d 956, 961 (11th Cir. 1986). The time value sought by Plaintiff in fees and expenses in both its principal fee petition and its post-appeal fee petition amounts to $161,245.00. In support of her fee petitions, Plaintiff submitted itemized time sheets for the time and labor expended on this action reduced by all time incurred prior to preparation of the Complaint, time incurred by other members of the law firm, duplicated time, and a five percent fee reduction across the board. The Court has carefully reviewed the time entries and submissions. Considering the duration of this case, the number of filings involved, and other relevant considerations, the Court finds the hours claimed by Plaintiff's attorneys conditionally reasonable, pending consideration of the remaining factors.

**(2) Novelty and difficulty of the question raised**

Although Plaintiff claims that this case was not the average ERISA case, the Court, recognizing the general complexity and difficulty of ERISA cases, does not find anything particularly novel or difficult about this particular case.

**(3) Skill required to properly perform legal services rendered**

ERISA is a complex area of federal law, requiring particular skill and experience to properly perform the legal services rendered in such cases. Plaintiff's counsel possess such skill and experience. *See*, e.g., Affidavit of Norris A. Adams, II, dated September 15, 2010, ¶¶ 7,8; Affidavit of Edward G. Connette, dated September 15, 2010, ¶ 2; Declaration of Louis L. Lesesne, Jr., dated September 22, 2011, ¶ III.

**(4) Attorneys' opportunity costs in pressing the litigation**

The firm that Attorneys Adams and Connette are members of is a "small ten lawyer firm." See Affidavit of Norris A. Adams, II, dated September 15, 2010, ¶ 6. "If [attorney Adams] had not spent [more than four hundred hours] on this case, [he] could have spent [his]

time and resources on other compensable cases." See Affidavit of Norris A. Adams, II, dated September 15, 2010, ¶¶ 11-12. The Court finds that due to the time consuming and complex nature of ERISA cases in general and this case in particular, the small size of the firm of Plaintiff's attorneys, and the finite resources of such firm, acceptance of this Plaintiff's case resulted in the inability to accept other paying work.

**(5) The customary fee for like work**

"In order to carry its burden of proof on this factor, Plaintiff must present the Court with adequate evidence of the prevailing rates in the relevant market." *Plyler v. Evantt*, 902 F.2d 273, 277 (4th Cir. 1990). Here, Plaintiff presented the Court with affidavits of Heather Newton, an ERISA attorney in Asheville, North Carolina [D.I. 47, Ex. 6], Robert M. Elliot, an ERISA attorney in Winston-Salem, North Carolina [D.I. 47, Ex. 7], Bruce Simpson, an ERISA attorney in Charlotte, North Carolina [D.I. 47, Ex. 8], and Charles McB. Sasser, an ERISA attorney in Charlotte, North Carolina [D.I. 47, Ex. 9].

Defendants do not challenge the hourly rates of Plaintiff's counsel to be excessive. However, Defendants do argue that the total amounts requested are excessive and that the Court reduce any fees awarded to a reasonable fee associated with the court-ordered briefing on section 6.6 and the defense of Defendants' appeal. Defendants' argument is based on the position that Plaintiff's counsel should not be paid for the pursuit of unsuccessful claims, which Defendants interpret to include all work not directly related to preparation of briefs on the section 6.6 issue on which Plaintiff prevailed. The Court disagrees with Defendants' argument because this case was long-running, vigorously defended, generally complex (as most ERISA cases are), and Plaintiff's counsel continued to pursue Plaintiff's claims, ultimately to the point of success, for more than six years.

The Court finds that the hourly fees requested by Plaintiff's counsel are reasonable in light of the evidence produced by Plaintiff's counsel regarding customary fees for like work in the relevant market.

**(6) Attorneys' expectation at the outset of the litigation**

This factor provides no guidance to assist the Court in determining the reasonableness of an award of attorneys' fees.

**(7) The time limitations imposed by the client or circumstances**

This case involved a fairly large number of motions, memoranda, and other filings, which necessarily involved frequent time limitations. *O'Bryhim*, 997 F. Supp. at 735 ("Due to the numerous motions and court appearances, there were frequent time limitations in this case[.]").

**(8) The amount in controversy and the results obtained**

Plaintiff's counsel was successful in obtaining Plaintiffs participation in the SBP. No financial calculations were necessary or relevant to place before the Court during the litigation. However, during Plaintiff's administrative appeal, Plaintiff provided financial loss calculations comparing her participation in the SBP and the ABP. *See* LAR 073-075. Plaintiff's calculations showed that, at age 50, the value under the ABP would be $90,602.07, whereas, also at age 50, the value under the SBP would be $36,841.80 in annual annuity payments. *Id.*

**(9) Experience, reputation and ability of the attorneys**

Attorney Edward G. Connette has been engaged in the practice of law since 1977; his bar admissions and professional affiliations appear in his affidavit. Connette Affidavit, ¶ 1. He has devoted a substantial portion of his practice to ERISA litigation since 1980, and his reputation and skill in such field is recognized by his colleagues. *See* Connette Affidavit, ¶ 2; Declaration

of Charles McB. Sasser, dated September 16, 2010, at ¶¶ 5-6; Declaration of Heather Newton, dated September 10, 2010, at ¶ 4; Declaration of Robert M. Elliot, dated September 15, 2010, at ¶ 8; Affidavit of Bruce M. Simpson, dated September 13, 2010, at ¶ 8.

Attorney Norris A. Adams II has been engaged in the practice of law since 2005, following the conclusion of his clerkship with a Federal Bankruptcy Judge; his academic accomplishments and bar admissions appear in his affidavit. Adams Affidavit, ¶¶ 2-6. His practice includes substantial work in ERISA litigation and he appears to have extensive knowledge in such area. *Id*., ¶¶ 7-8. The quality of his work is attested to by other attorneys and was otherwise evident to the Court during the course of the litigation. Newton Declaration, ¶ 5; Elliot Declaration, ¶ 9; Simpson Affidavit, ¶ 9; Sasser Declaration, ¶ 8.

Attorney Louis L. Lesesne, Jr. has been engaged in the practice of law since 1973; his bar admissions and professional affiliations appear in his declaration. Declaration of Louis L. Lesesne, Jr., dated September 22, 2011, ¶¶ I-II. His practice is oriented in the area of labor and employment matters, including ERISA. *Id.* at ¶ III. Attorney Lesesne has been recognized for achievements in the field of employment law. *Id*.

**(10) Undesirability of the case within the legal profession**

The Court does not find anything particularly undesirable about this case.

**(11) Nature and length of professional relationship between the attorney and client**

Plaintiff's relationship with her legal counsel dates back to May 2005, at which time counsel handled Plaintiff's ERISA issues following the initial denial of her claim.

**(12) Attorney's fees awarded in similar cases.**

This Court has awarded similar fees in recent ERISA cases. *See, Boyd v. Liberty Life Assur. Co.,* Civil No. 5:03-cv-118 (granting motion for attorneys' fees and costs); 362 F. Supp.

2d 660 (W.D.N.C. 2005) (awarding plaintiff benefits); *see also White v. Sun Life Assur. Co. Of Canada*, Civil No. 1:04-cv-80 (W.D.N.C. 2008) (granting motion for attorneys' fees and costs).

Pursuant to the foregoing, in light of voluntary reductions in hours claimed by Plaintiff's counsel and despite Defendants' objections to the reasonableness of the hours claimed, the Court finds that the hours claimed by attorneys Connette, Adams, and Lesesne to be reasonable hours expended in this case.

Also pursuant to the foregoing, the Court finds the hourly rates requested by attorneys Connette, Adams, and Lesesne to be reasonable amounts.

Therefore, the Court awards attorneys' fees totaling $160,895.00 as follows:

$35,555.00 for Connette's time;

$123,357.00 for Adams' time; and

$1,982.50 for Lesesne's time.

## II. LITIGATION COSTS

ERISA allows a prevailing party to recover costs. 29 U.S.C. § 1132(g)(1). Where a prevailing party seeks costs under § 1132(g)(1), the Court looks to Federal Rule of Civil Procedure 54(d) and 28 U.S.C § 1920. *See, e.g., O'Bryhim*, 997 F. Supp. at 737. Rule 54(d)(1) directs that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While Rule 54 does not technically mandate the award of costs, "the 'normal practice' of awarding fees to the prevailing party [should not be deviated from] without first articulating some good reason for doing so." *Oak Hall Cap & Gown Co., Inc. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990). This Court has not found, and Defendants have not asserted, any good reason not to award Plaintiff costs in this matter. *Teague v. Bakker*, 35 F.3d

978, 996 (4th Cir. 1994) (listing circumstances that may properly constitute "good reason" for not awarding costs).

Under 28 U.S.C. § 1920 and Local Rule 54.1(F), the filing fee paid to the clerk qualifies as a taxable cost. Plaintiff seeks only to recover the filing fee as a cost, waiving any claim to an award for other costs such as photocopying, online research, travel, postage, and the like. Therefore, Plaintiff shall recover $350.00 as compensation for her filing fee.

### III. PRE-JUDGMENT INTEREST

Plaintiff does not seek an award of pre-judgment interest.

### IV. POST-JUDGMENT INTEREST

Plaintiff does not seek an award of post-judgment interest.

### V. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motions for an award of attorneys' fees and expenses are **ALLOWED**.

**IT IS FURTHER ORDERED** that Plaintiff have and recover of the Defendants the sum of **ONE HUNDRED SIXTY THOUSAND, EIGHT HUNDRED NINETY FIVE DOLLARS ($160,895.00)** in attorneys' fees and expenses in the amount of **THREE HUNDRED FIFTY DOLLARS ($350.00)**.

Signed: October 25, 2011

Graham C. Mullen
United States District Judge